IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA THORPE, | ) | Case No. 1:21-CV-2119 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND** |
| Defendant. | ) | **RECOMMENDATION[1]** |

Plaintiff, Joshua Thorpe, seeks judicial review of the final decision of the Commissioner of Social Security, denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI.  Thorpe has requested leave to proceed *in forma pauperis* ("IFP") in this matter.  ECF Doc. 2.  Because I conclude that Thorpe has sufficient financial resources to pay the court's $402 filing fee,[2] I recommend that the Court DENY his application for leave to proceed IFP.

## I.      Relevant Background

On November 8, 2021, Thorpe filed a complaint (ECF Doc. 1) and an IFP application (ECF Doc. 2).  In describing his financial status, Thorpe states that he received an average of $1,032 from his employment every month since starting in September 2021, which is expected to continue next month, and received an average of $700 a month from January 2020 to his hiring

---

[1] This matter is before me pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b) for preparation of a report and recommendation.

[2] N.D. Ohio Fee Schedule, available at https://www.ohnd.uscourts.gov/fee-schedule (last visited November 9, 2021).

in September when he was receiving unemployment benefits. ECF Doc. 2 at 1-2. Thorpe does not indicate that he is married. *Id.* As a result, Thorpe's average monthly household income and an expected household income are $1,032. Thorpe has no cash, but he has $213.97 in a checking account. ECF Doc. 2 at 2. He owns a 2009 Jeep Cherokee, valued at approximately $3,000. *Id.*

Thorpe estimates his monthly expenses at $760. That total includes: $200 in rent; $120 in utilities; $100 in home maintenance; $150 in food; $50 in clothing; $100 in transportation expenses; and $40 in car insurance. ECF Doc. 2 at 3-4. This leaves Thorpe with a monthly average net income of $272, since starting his job, and an expected net income of $272. In addition, Thorpe notes that he lives with his parents and "does not have to pay rent" but does so to contribute. ECF Doc. 2 at 3. He states that his parents understand if he does not have sufficient funds for rent. *Id.*

## II. Law and Analysis

Pursuant to 28 U.S.C. §1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Hum.Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's

spouse, or other family members," as well as equity in real estate and automobiles.  *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31, 2010 U.S. Dist. LEXIS 10103, at *1 n.1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 U.S. Dist. LEXIS 160454, at *2-3 (E.D. Mich. Oct, 16, 2012); *see also Reynolds v. Crawford*, No. 1:01-cv-877, 2009 U.S. Dist. LEXIS 111619, at *3 (S.D. Ohio Nov. 17, 2009) (The court should consider the income and assets of the applicant's spouse in assessing an application to proceed in forma pauperis.) (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (Table Decision) (If the plaintiff is supported by a spouse, and the spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent plaintiff from gaining access to the courts).

Here, Thorpe's application reflects that he receives enough monthly income to cover his basic expenses.  The funds expected to be left over at the end of next month ($272) and Thorpe's checking account balance ($213) are enough to cover this court's $402 filing fee.  Further, Thorpe attested that he does not need to pay his parents rent.  Based on these circumstances, it does not appear that Thorpe is unable to pay the filing fee.  Rather, it appears that this is a case in which Thorpe must "weigh the financial constraints posed by pursing his complaint against the merits of his claims."  *Behmlander*, 2012 U.S. Dist. LEXIS 160454, at *5.

### III.    Recommendation

Because Thorpe has sufficient funds to pay the court's $402 filing fee after his monthly expenses are accounted for, I find that Thorpe is not eligible to proceed IFP in this case. Accordingly, I recommend that the Court DENY Thorpe's IFP application (ECF Doc. 2) and require him to pay the filing fee within a reasonable time.

Dated: November 9, 2021

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts
within fourteen (14) days after being served with a copy of this document.  Failure to file
objections within the specified time may waive the right to appeal the District Court's order. *See*
*U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985),
*reh'g denied*, 474 U.S. 1111 (1986).