UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA THORPE, | ) | CASE NO.: 1:21-CV-2119 |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | |

This matter comes before the Court on Objections by the Plaintiff, Joshua Thorpe, ("Plaintiff") to the Magistrate Judge's Report and Recommendation ("R&R"). On September 27, 2022, Magistrate Judge James E. Grimes Jr. issued an R&R recommending that the Court affirm the Commissioner's decision denying Plaintiff Disability Insurance Benefits and Supplemental Security Income. On October 6, 2022, Plaintiff objected to the R&R. On October 11, 2022, the Commissioner responded to the objections. The Court now resolves the objections.

For the reasons stated below, Plaintiff's objections are OVERRULED. The R&R is adopted, and the Commissioner's decision is AFFIRMED.

**Law & Analysis**

This Court is required to conduct a *de novo* review of the portions in the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, in Social Security cases, judicial review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). This substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of*

1

*Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Plaintiff objects to the Magistrate Judge's review of the Administrative Law Judge's ("ALJ") analysis under Listing 11.13B. Doc. 16 at 1 and 6. Plaintiff argues that he is disabled under Listing 11.13B and that the ALJ did not consider section B, only 11.13A. Doc. 16 at 3. The R&R concluded that Plaintiff has not "shown that the ALJ failed to make sufficient findings with respect to Listing 11.13B in her decision as a whole. He has not shown that his condition satisfies the criteria in Listing 11.13B." Doc. 15 at 25.

> Listing 11.13 for muscular dystrophy is characterized by either:
>
> A. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or
>
> B. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a), and in one of the following:
>
>   1. Understanding, remembering, or applying information (see 11.00G3b(i)); or
>   2. Interacting with others (see 11.00G3b(ii)); or
>   3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
>   4. Adapting or managing oneself (see 11.00G3b(iv)).

The ALJ analyzed Plaintiff's condition under Listing 11.13A and found that Plaintiff did not meet or equal that listing. Doc. 10 at 23. The ALJ did not mention section B for marked limitation; however, the R&R found that the ALJ still sufficiently discussed the second requirement of 11.13B regarding mental functioning in the analysis of Listing 12.11. Doc. 15 at 20 and 24.

2

Paragraph B of Listing 12.11 states the following:

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

1. Understand, remember, or apply information (see 12.00E1).
2. Interact with others (see 12.00E2).
3. Concentrate, persist, or maintain pace (see 12.00E3).
4. Adapt or manage oneself (see 12.00E4).

The definitions for each of these four mental functioning areas are the same for both Listing 11.13B and Listing 12.11. The ALJ analyzed Plaintiff's condition within the scope of all four areas and found no marked limitation for any of them. Doc. 10 at 23-24. Plaintiff only seeks to argue that he has marked limitation with respect to "adapting or managing oneself" and the ALJ found that Plaintiff had only mild limitation in that area. Doc. 16 at 5; Doc. 10 at 24.

The ALJ's failure to specifically name Listing 11.13B was harmless error. Harmless error can be applied "to supply a missing dispositive finding . . . where, based on the material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Hufstetler v. Commissioner of Social Sec. Admin.*, No. 1:10CV1196, 2011 WL 2461339, at *10 (N.D. Ohio June 17, 2011) (citing *Alen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (internal citations omitted); *see also Lett v. Colvin*, Case No. 1:13CV2517, 2015 WL 853425, at *15 (N.D. Ohio Feb. 26, 2015) (stating "where the review of the decision as a whole leads to the conclusion that no reasonable fact finder, following correct procedure, could have resolved the factual matter in another manner"); *see also Forrest v. Commissioner of Social Sec.*, 591 Fed.Appx. 359 (6th Cir. 2014).

Even though the ALJ failed to specifically mention Listing 11.13B, the ALJ analyzed Plaintiff's condition as to each of the four mental functioning areas and whether he had a marked

3

limitation in any, as required by the second part of 11.13B. As the ALJ found that Plaintiff did not have any marked limitations as to any of the four mental functioning areas, an analysis of the first part of 11.13B, regarding physical functioning, would not be necessary as both the physical and mental functioning components must be met.

In his objection, Plaintiff briefly argues that he meets the marked limitation standard as to the mental functioning area of "adapting or managing oneself". Doc. 16 at 5. To support this, Plaintiff only points to the findings of the consultative examiner, Dr. Charles Misja. Doc. 16 at 5. The ALJ thoroughly considered Dr. Misja's findings and rejected them. Doc. 10 at 24-25. The R&R found that Plaintiff did not explain or show how the ALJ's finding was not supported by substantial evidence and that Plaintiff did not challenge the ALJ's consideration of Dr. Misja's findings. Doc. 15 at 25. The Court finds no error in the R&R on this issue.

For the reasons stated above, Plaintiff's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Date: November 21, 2022

*/s/ John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE